| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------x<br>In re:<br><br>Arbco Capital Management, LLP,<br><br>                                    Debtor.<br>------------------------------------------------------------x<br>Richard O'Connell, as chapter 7 Trustee of the<br>estate of Arbco Capital Management, LLP,<br><br>                                    Plaintiff,<br>    - against-<br><br>Hayim Regensberg, DVP Global Trading, LLP<br>and Ira D. Tokayer, Esq. as Escrow Agent,<br><br>                                    Defendants.<br>------------------------------------------------------------x | Hearing Date: January 5, 2011<br>                 10:00 a.m.<br><br>Chapter 7<br><br>Case No. 07-13283 (SCC)<br><br>Hon. Shelley C. Chapman<br><br><br><br><br><br>Adv. Pro. No. 09-01528 |

## NOTICE OF MOTION FOR AN ORDER APPROVING STIPULATION OF SETTLEMENT

**PLEASE TAKE NOTICE**, that upon the written application (the "Application") of Richard O'Connell, Chapter 7 Trustee herein, a motion will be made before the Honorable Shelley C. Chapman, Bankruptcy Judge at the United States Bankruptcy Court, Southern District of New York, One Bowling Green, Courtroom 610, New York, New York, on the 5th day of January, 2011, at 10:00 a.m., or as soon thereafter as counsel can be heard, for an order pursuant to Federal Rule of Bankruptcy Procedure 9019 to approve settlement reached among the parties to the within adversary proceeding; together with such other and further relief as is just and proper.

**PLEASE TAKE FURTHER NOTICE** that a copy of the Application, together with the Stipulations of Settlement, is on file with the Clerk of the Court and may be viewed through the Court's ECF system, or a copy may be obtained by request made to the undersigned counsel to Trustee.

**PLEASE TAKE FURTHER NOTICE** that any objection to the relief requested shall be filed in writing through the Bankruptcy Court's electronic filing system, with a copy delivered to the Honorable Shelley C. Chapman, and served upon counsel for the Trustee at the address below so as to be received no later than 5:00 p.m. on December 29, 2010.

Dated: New York, New York
December 8, 2010

            **GOLDBERG WEPRIN**
            **FINKEL GOLDSTEIN LLP**
            Attorneys for Richard O'Connell, Trustee
            1501 Broadway - 22nd Floor
            New York, New York 10036
            Tel. (212) 221-5700

            By: /s/ J. Ted Donovan, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                          Chapter 7

Arbco Capital Management, LLP,                                  Case No. 07-13283 (SCC)

                                 Debtor.         Hon. Shelley C. Chapman
------------------------------------------------------------x
Richard O'Connell, as chapter 7 Trustee of the
estate of Arbco Capital Management, LLP,

                                 Plaintiff,
     - against-                                             Adv. Pro. No. 09-01528

Hayim Regensberg, DVP Global Trading, LLP
and Ira D. Tokayer, Esq. as Escrow Agent,

                                 Defendants.
------------------------------------------------------------x

## MOTION SEEKING APPROVAL OF SETTLEMENT OF LITIGATION

Richard O'Connell, as chapter 7 Trustee (the "Trustee") of the estate of Arbco Capital Management, LLP ("Arbco" or the "Debtor") as and for his motion pursuant to Federal Rule of Bankruptcy Procedure 9019(a) seeking approval of a proposed settlement resolving all claims relating to an escrow fund (the "Escrow Fund") being held on behalf of DVP Global Trading, LLP ("DVP"), respectfully represents as follows:

## BACKGROUND

1.    This case was originally commenced by the filing of an involuntary petition against the Debtor on October 19, 2007 (the "Petition Date")

2. After the Debtor failed to file a timely response to the involuntary petition, an Order for Relief under Chapter 7 of the Bankruptcy Code was entered on November 26, 2007.

3. Thereafter, the Trustee was appointed and he has since qualified and is acting as such.

4. Since the Petition Date, the principal of the Debtor, Hayim Regensberg ("Regensberg"), has been found guilty of securities fraud and wire fraud in connection with the theft of more than $10 million through willful misrepresentation about two investment scams he marketed through the Debtor and others. By decision dated June 29, 2009, Regensberg was sentenced to serve 100 months by the Hon. Victor Marrero of the U.S. District Court for the Southern District of New York.

5. On or about October 15, 2009, the Trustee commenced a series of adversary proceedings to recover monies or property belonging to the Debtor. One of these was the instant action, seeking to recover monies being held by Defendant Ira B. Tokayer as escrow agent ("Tokayer").

6. In 2003 Regensberg brought an action against General Trading of Philadelphia and others in the Supreme Court of the State of New York, New York County under Index No. 111582-2003. A motion to dismiss the complaint was denied, following which the complaint was amended to include DVP as a party plaintiff. Subsequently, the litigation was settled in or about November 2007 by the payment of the sum of $485,000 to DVP only, which monies remain with Tokayer as escrow agent, and form the Escrow Fund.

7. The Trustee commenced this action seeking to claim the Escrow Fund as property of the Estate. Subsequent investigation revealed that the Estate has two potential claims to the Escrow Fund. The first is on account of any judgment which may be obtained against Defendant Hayim Regensberg, who is a defendant in a separate action commenced by the Trustee, on the theory that the monies belong in whole or in part to Regensberg as a co-plaintiff in the settled litigation. The second claim is that DVP may be an alter ego of the Debtor, as it appears that when DVP ceased operations in 2005, it transferred all of its assets to another Regensberg entity, Midwest Trading LLC ("Midwest"), which in turn ceased operating and transferred all of its assets to Arbco.

8. While the Trustee was investigating these claims, he learned that one of the petitioning creditors, Reuben Taub, and his spouse Hindi Taub (jointly, "Taub"), obtained a judgment in excess of $1 million against DVP for monies owed to them, and were seeking to enforce the judgment against the Escrow Fund.

9. Upon learning that Taub had commenced an enforcement action against DVP and Tokayer in the New York Supreme Court, the Trustee intervened in that action, and then removed the action to the Bankruptcy Court. This Court then remanded the case to the Supreme Court. A trial was scheduled for November 18, which trial was adjourned to January in light of the proposed settlement.

10. The parties have negotiated a settlement pursuant to which, Taub will pay the Trustee the sum of $25,000 in full settlement of all claims of the Trustee against the Escrow Fund once the Escrow Fund is released. The proposed settlement is embodied in the attached stipulation annexed hereto as Exhibit "A" (the "Settlement").

## THE SETTLEMENT SHOULD BE APPROVED

11. The Trustee now moves for approval of the Settlement pursuant to Federal Rule of Bankruptcy Procedure 9019.

12. In his considered business judgment, the Trustee has determined that the Settlement is beneficial to all creditors and parties in interest for several reasons, most importantly, that the litigation to establish either of the two claims against the Escrow Fund is predicated upon legal theories for which only limited proof has been uncovered. Given the fact that a trial date has been set and no additional proof has come to light, there is a substantial risk that the Trustee may not be able to prevail at trial.

13. More particularly, although the Trustee has asserted claims against Regensberg, he has not yet obtained a judgment on those claims. Even after judgment is entered, the Trustee must still prove that a portion of the settlement should have been paid to Regensberg and not DVP for the Trustee to prevail on his first theory.

14. With respect to the alter ego claim, the Trustee must establish that both DVP and Midwest are alter egos of the Debtor. This pass through complicates the proof. Further, the sole witness for the Trustee in this litigation will be Regensberg, whose credibility is open to challenge as a result of his conviction.

15. Given the risks, together with the costs inherent in the litigation, the Trustee believes that the proposed settlement is reasonable under the circumstances.

16. Bankruptcy Rule 9019(a) permits a trustee to settle a dispute after notice to creditors. The standard of review to be applied under Bankruptcy Rule 9019 is whether the settlement falls below the lowest point in the range of reasonableness. *In re*

*W.T. Grant Co.*, 699 F.2d 599, 608 (2nd Cir. 1983), *cert. denied*, 464 U.S. 822, 104 S.Ct. 89 (1983).

17. In considering a proposed settlement, the Court should consider the following factors:

(i) The balance between the likelihood of success compared to the present and future benefits offered by the settlement;
(ii) The prospect of complex and protracted litigation if the settlement is not approved;
(iii) The proportion of the class members who do not object or who affirmatively support the proposed settlement;
(iv) The competency and experience of counsel who support settlement;
(v) The relative benefits to be received by individuals or by groups of the class;
(vi) The nature and breadth of releases to be obtained by officers and directors; and
(vii) The extent to which the settlement is the product of arms-length bargaining.

*In re Texaco, Inc.*, 84 B.R. 893, 902 (Bankr. S.D.N.Y. 1988).

18. The Trustee submits that the Settlement easily meets these criteria as it insures collection of additional funds for the Debtor's estate with minimal additional administration cost and expense, and avoids the very real risks of litigation.

WHEREFORE, the Trustee respectfully prays for the entry of an Order approving the Settlement consistent with the foregoing.

Dated: New York, New York
December 8, 2010

**GOLDSTEIN WEPRIN FINKEL GOLDSTEIN LLP**
Counsel to the Trustee
1501 Broadway - 22nd Floor
New York, New York 10036
(212) 221-5700

By: /s/ J. Ted Donovan

EXHIBIT A

Daniel M. Hartman, Esq.
489 Fifth Avenue, 28th Floor
New York, New York 10017
212-986-8600
dhart25@aol.com

Mark Frankel
Backenroth, Frankel and Krinsky
489 Fifth Avenue, 28th Floor
New York, New York 10017
212-593-1100
mfrankel@bfklaw.com
Attorneys for Reuben Taub and Hindi Taub

UNITED STATES BANRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Arbco Capital Management, LLP,<br><br>　Debtor. | Chapter 7<br>Case No.: No. 7-13283 |
| Richard O'Connell, as Chapter 7 Trustee of the Estate of Arbco Capital Management, LLP,<br><br>　Plaintiff,<br>　　　v.<br><br>Hayim Regensberg, DVP Global trading, LLP and Ira D. Tokayer, Esq., as Escrow Agent,<br><br>　Defendants. | Adversary Proceeding No. 09-01528 |

## STIPULATION OF SETTLEMENT

This Settlement Agreement (the "Agreement") is made this 11th day of November, 2010, by and between Richard O'Connell, as Chapter 7 Trustee of the Estate of Arbco Capital Management LLP (the "Trustee"), and Reuben Taub and Hindi Taub.

## RECITALS

A. On or about October 19, 2007, an involuntary petition for relief under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") was filed against Arbco Capital Management, LLP (the "Debtor") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

B. Richard O'Connell was appointed Chapter 7 Trustee in the Debtor's Bankruptcy Case.

C. On or about October 15, 2009, the Trustee commenced Adversary Proceeding Number 09-01528, against Hayim Regensberg, DVP Global Trading, LLP (sic) and Ira D. Tokayer, as escrow agent (the "Tokayer Adversary Proceeding") seeking the turnover of funds held by Tokayer for DVP Global Trading. LLC (the "DVP Funds" and "DVP" respectively).

D. On or about November 9, 2009, Reuben Taub and Hindi Taub ("Taub") obtained and entered state court judgment against DVP totaling $1,123,753.22. (*Taub v. DVP*, Index No. 602135-09)

E. On November 11, 2009 Taub executed against the DVP Funds held by Tokayer.

F. On or about December 7, 2009, Taub commenced a turnover proceeding in New York State Supreme Court, New York County (the "State Court Action") seeking the turnover of the DVP Funds held by Tokayer to Taub (Index No. 116878-09).

G. The Trustee intervened in the State Court Action alleging a claim to the DVP Funds.

H. The Parties have agreed to settle fully and finally the Trustee's claims pertaining to the DVP Funds.

## AGREEMENT

Now, therefore, in consideration of the proceeding recitals and the mutual covenants hereinafter contained, the parties agree as follows:

1. <u>Settlement Payment</u>. Taub shall pay to the Trustee the amount of $25,000 from DVP Funds which are turned over to Taub in the State Court Action. The payment shall be

made payable to "Richard O'Connell, Trustee" and delivered to counsel for the Trustee, Goldberg, Weprin, Finkel Goldstein, LLP, 1501 Broadway, 22nd Floor, New York, New York 10036, Attn: Kevin J. Nash, Esq.

2. <u>Time for Payment</u>. The Settlement Payment shall be made by Taub no later than 5 business days after receipt of the DVP Funds in the State Court Action pursuant to an entered Order issued by the State Court in the State Court Action.

3. The payment of the Settlement amount shall fully settle the claims asserted by Trustee in the Tokayer Adversary Proceeding with respect to the DVP Funds, Tokayer and claims which the Trustee could assert in federal court, including the bankruptcy court, State Court, including the State Court Action or otherwise with respect to the same. The Trustee shall execute a Stipulation of Settlement in the State Court Action and all and any documents as may be necessary to settle the State Court Action in accordance with this Agreement. The annexed Stipulation of Settlement shall be executed and delivered to Taub's counsel, no more than three business days after the "Effective Date" of this Agreement, as defined below.

4. <u>Mutual Release</u>. Upon the occurrence of the Effective Date, and except as set forth herein, the parties hereby release and discharge each other, and each other's predecessors, successors and assigns from any and all claims, cause of action, suits, debts, sums of money, controversies, claims to property, damages, judgments, demands whatsoever, in law or equity, known or unknown, asserted or unasserted, with respect to, related to, arising from, or in connection with the Tokayer Adversary Proceeding, the State Court Action, the Taub judgment against DVP, regardless of the legal or equitable theory upon which the same may be based, provided however, that (a) Taub may file a proof of claim in the Bankruptcy Case for the amount of the Settlement Payment pursuant to 11 U.S.C. § 502(h) and Rule 3002(c)(3) of the Federal Rules of Bankruptcy Procedure and for any amounts by the Debtor, Hayim Regensberg and Midwest (as defined in the Complaint), subject to Trustee's right to object; (b) nothing contained herein shall effect the validity of any claims, including proof of claims, filed or to be

3

filed by Taub as a creditor of the Debtor, Hayim Regensberg, MidWest or any entity affiliated with the Debtor.

5. <u>Applicable Law</u>.   This Agreement shall be governed by and construed in accordance with the laws of the State of New York and, where applicable, the Bankruptcy Code.

6. <u>Bankruptcy Court Approval</u>.   This Agreement is subject to approval by the Bankruptcy Court and will be considered null and void if not approved by an order entered by the Bankruptcy Court. The Trustee shall serve and file a motion seeking the approval by the Bankruptcy Court of this Agreement, to dismiss all claims against Tokayer in the Tokayer Adversary Proceeding and dropping him as a defendant within 5 business days of the execution of this Agreement by Taub and the Trustee and shall seek a hearing at the earliest possible date as permitted by applicable laws and rules and the Court's calendar.

7. <u>Effective Date</u>.   The effective date of this Agreement shall be the first business day after which an order approving this Agreement has been entered by the Bankruptcy Court (the "Effective Date").

8. <u>Successors and Assigns</u>.   This Agreement is binding on the Parties hereto and their successors or assigns.

9. <u>Entire Agreement</u>.   This Agreement states the entire agreement between the parties and may be supplemented, altered, amended, modified or revoked by writing only, signed by all the Parties or their successors in existence at the time of such action.

10. <u>Authorization</u>. Each entity or individual execution this Agreement on behalf of a Party represents and warrants that he or she is duly authorized to execute and deliver this Agreement on behalf of such party and that this Agreement is binding on such Party in accordance with its terms.

11. <u>Captions</u>.   The captions or headings in this Agreement is for convenience only and in do not define, limit or describe the scope or intent of this Agreement.

4

12. <u>Counterparts/Facsimile Execution</u>. This Agreement may be executed in counterparts and facsimile or copies of signature of the Parties or their designated representatives shall be deemed originals. Original signature copies of this Agreement shall be exchanged upon the request of either of the Parties.

Dated: November 15, 2010

/s/ Daniel M. Hartman, Esq.
Attorney for Taub
489 Fifth Avenue, 28th Floor
New York, New York 10017
212-986-8600

/s/ Kevin J. Nash, Esq.
Attorney for the Trustee
Goldberg, Weprin, Finkel Goldstein, LLP
1501 Broadway, 22nd Floor
New York, New York 10036

/s/ John R. Horan, Esq.
Attorney for Ira Daniel Tokayer
Fox, Horan & Camerini, LLP
825 Third Avenue
New York, New York